No. 57676.—Bailey Mora Company, Inc. v. United States, petition 6832–R (El Paso).

LAWRENCE, Judge: This petition for remission was filed pursuant to the provisions of section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489) whereby the petitioner seeks to recover certain "additional duties" imposed upon an importation of 54 bales of wool tops.

It appears from the record that said merchandise was exported from Australia sometime between April 24 and May 3, 1950, and was consigned to Hilaturas Viladoms S. A. in Mexico. It arrived in the United States at the port of Sumas, Wash., on the 27th day of May 1950 and was forwarded under I. T. (immediate transportation) entry to El Paso, Tex., and continued on its way to Juarez, Mexico, where it was entered June 8, 1950.

While the testimonial record is not clear upon the subject, it was stated by counsel for petitioner at the trial that—

At the time the goods arrived in Mexico there arose a question with the Mexican Custom authorities over the proper duties to be assessed by Mexico. For that reason and for that reason alone, the goods were brought back into the United States and put into general order. * * *

That was on June 29, 1950. Sometime thereafter, the consignee requested that a shipment of 10 bales of the wool tops be sent to it in Mexico. Petitioner was then advised that, in order to secure the release of 10 bales, it would be necessary to make a warehouse entry, which was done August 7, 1950, and the 10 bales were shipped to Mexico on August 11, the balance on August 16, 1950.

The warehouse entry specified June 29, 1950, as the date of exportation from Mexico. In December 1950, the appraiser at El Paso requested information from petitioner's agent with respect to the price of wool tops in Australia as of June 29, 1950, although the Australian shipper's invoice was dated "Melbourne, C. 1, 20th. April, 1950." This information was obtained and given to the appraiser who accordingly appraised the merchandise at a unit value of "132 pence sterling currency per lb. packed," less certain nondutiable charges. It appears that the merchandise was entered at the invoice value, less certain nondutiable charges, which amounted to $22,662 United States currency.

There was considerable discussion at the trial as to whether the merchandise should be appraised at its value in Australia on June 29, 1950, the date it was returned from Mexico, or at some date late in April or early May 1950 when it was presumed to have left Australia. It will be recalled, however, that the appraiser requested information as to its Australian value on June 29, 1950, and this was supplied by petitioner, and we find nothing from an examination of the record to indicate that there was any intent on the part of the importer-petitioner to deceive the appraiser or to defraud the revenue. As a matter of fact, counsel for respondent frankly stated in substance at the trial of the case that he had been advised by the customs officials that there was no intention on the part of petitioner to defraud the revenue. Moreover, it may be significant of the Government's attitude that although it had requested time within which to submit a brief, it has informed the court that, after examining the record and brief of petitioner, it does not desire to do so. Respondent did, however, urge at the trial that petitioner had not introduced sufficient evidence to prove that there was no intent to conceal certain facts in the case, which seems to have been predicated largely upon the alleged failure of petitioner to secure from the Australian shipper the value of the wool tops as of the time of exportation from that country. As stated above, however, petitioner supplied the information requested by the appraiser who is charged with knowledge of the approximate date of exportation from Australia, as shown by the invoice. Consequently, we are of the opinion that there was no intention on the part of petitioner to conceal any facts from the appraiser.

In view of the fact that when the merchandise left Australia it was destined to a firm in Mexico and that it actually went to Mexico but was returned temporarily to the United States because of some difficulty with the Mexican customs, the question naturally arises whether it then became an exportation from Mexico to the United States and if, in those circumstances, it should have been appraised at its value in Mexico as of June 29, 1950. *Cf. United States* v. *H. S. Dorf & Co., Inc., a/c Joseph H. Meyer Bros.*, 30 Cust. Ct. 664, A. R. D. 28, now on appeal (suit No. 4788) to the United States Court of Customs and Patent Appeals. In that event, the question would naturally arise whether the appraisement of the wool tops at their value in Australia at any given date was proper.

We do not deem it necessary, however, to decide that question here or to base our conclusion upon that phase of the case. We are satisfied from the uncontradicted testimony of petitioner's witnesses with regard to their affirmative acts at the time entry of the merchandise was made, and from a consideration of the entire record before us, that entry of the merchandise in issue at less than its final appraised value was without any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. The petition is therefore granted.

Judgment will be entered accordingly.